**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **JAMES REYNOLDS** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:10cv152 |
| | § | |
| **CHESAPEAKE ENERGY CORPORATION** | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **JAMES REYNOLDS**, referred to herein as Plaintiffs, complaining of **CHESAPEAKE ENERGY CORPORATION**, referred to herein as Defendant, and would show the Court as follows:

### A. Parties

1.  Plaintiff James Reynolds is an individual who resides in the State of Texas.

2.  Defendant Chesapeake Energy Corporation is a corporation with its principal place of business located in Oklahoma City, Oklahoma. Defendant can be served with process by serving its registered agent, Shannon Self, 210 W. Park Avenue, #2725, Oklahoma City, Oklahoma 73102.

### B. Jurisdiction and Venue

3.  Plaintiff is a resident of the State of Texas, and more particularly the Eastern District of Texas. Defendant, Chesapeake Energy Corporation (hereinafter Chesapeake) is a foreign corporation with its principal place of business in some state other than Texas thereby creating a

diversity of citizenship between Plaintiff and Defendant. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. This Court has jurisdiction of this action under 28 U.S.C. §1332, and venue is proper herein under 28 U.S.C.§1391 because Defendant Chesapeake has a significant presence in the Eastern District of Texas inasmuch as Defendant owns and/or operates numerous wells in the Eastern District of Texas and generally conducts business in the Eastern District of Texas and the cause of action arose in the State of Louisiana bordering the Eastern District of Texas.

### C. Facts

4. On November 18, 2009, Plaintiff was employed by Innovative Wellsite Systems, Inc. Innovative Wellsite Systems, Inc. is an oilfield service company which specializes in installation and maintenance of well heads which are utilized in the production of oil and gas. Plaintiff was dispatched to DeSoto Parish, Louisiana for the purpose of changing out the lock pins on a part of the well head known as the tubeing hanger. The oil and gas well on which the work was to be performed was and is owned and operated by Defendant. Defendant had a representative present on location who was directing the work being performed by Plaintiff and others who were present at the well site. Plaintiff was informed that the gas pressure was 9,250 pounds per square inch which is extremely high pressure. Plaintiff informed the Defendant's representative that before the work was done, steps should be taken to lower the gas pressure on the well head. Even though he, as Defendant's representative, had the ability to do so, Defendant's representative refused to take the steps necessary to lower the gas pressure on the well head. Instead, Defendant's agent, employee, and representative who was acting in the course of his employment for Defendant directed Plaintiff to proceed with the job even though he and others who were present would be exposed to 9,250 psi

gas pressure. While attempting to complete the job, the well "blew in" which resulted in the death of one person present at the well site and serious injury to the remaining persons at the well site including Plaintiff. Plaintiff was struck by a blast of gas which actually hurled him through the air. As a result of the explosion, Plaintiff has been left with a disabling and permanent injuries.

## CAUSES OF ACTION

### D. Negligence

5. Plaintiff alleges that Defendant was negligent in failing to take steps to control the gas pressure on the occasion which negligence was a proximate cause of the explosion and resulting injury to Plaintiff.

### E. Gross Negligence

6. Plaintiff further alleges that Defendant was guilty was gross negligence. Defendant had the means at hand to control and lessen the gas pressure on the well head but refused to do that. It is Plaintiff's belief that on other occasions, Defendant has acted in a similar manner which has resulted in injury to other persons similarly situated as the Plaintiff. Defendant's actions amount to a reckless and total disregard of the well being of others including Plaintiff.

### F. Damages

7. Plaintiff would show the Court that he has suffered loss of earnings in the past and will suffer loss of earnings and earning capacity in the future and in all likelihood for the remainder of his life. Plaintiff has suffered physical pain and mental anguish in the past and continues to suffer physical pain and mental anguish and will do so for the remainder of his life. Because of his injuries, Plaintiff has suffered permanent impairment which will foreclose his being able to work in the oil field or to work in a similar environment. Plaintiff has also sustained past medical expenses and will

continue to incur medical expenses in the future as a result of his injuries. Plaintiff's damages exceed the sum of $1,000,000.

8. Plaintiff also seeks to recover punitive damages.

9. Plaintiff sues for both pre-judgment and post-judgment interest.

10. Furthermore, Plaintiff seeks to recover his court costs.

## G. Prayer

11. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff asks the Court to summons Defendant to appear and answer, to sign a final judgment against Defendant, and to award Plaintiff the following:

   a. Actual damages within the jurisdictional limits of this Court;

   b. Exemplary damages;

   c. Pre and post-judgment interest at the maximum rate allowed by law;

   d. Court costs; and

   e. All other relief, in law and in equity, to which Plaintiff may be entitled.

Respectfully submitted,

**CLARK & PORTER**

/s/ Charles H. Clark
Charles H. Clark
TSBA No. 04274000

Gregory S. Porter
TSBA No. 24002785

604 Woldert Street
P. O. Box 98
Tyler, Texas 75710
Phone: (903) 593-2514
Facsimile: (903) 595-1294

**ATTORNEYS FOR PLAINTIFF**